UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EDWARD SHAVER, Administrator ) <br> of the Estate of Mark Shaver, Deceased. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> BRIMFIELD TOWNSHIP, *et al.*, ) <br> ) <br> Defendants. ) | CASE NO. 5: 11 CV 154 <br><br> JUDGE DONALD C. NUGENT <br><br><br> MEMORANDUM OPINION |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge William H. Baughman, Jr. (ECF #198) recommending that this Court grant the Motions for Summary Judgment (ECF #177 and #178) filed by the Defendants as to Plaintiff's federal claim and decline to retain jurisdiction over Plaintiff's state claims.  After a thorough review of the law and facts of this particular action, Magistrate Judge Baughman determined that there was no question of material fact regarding Plaintiff's only federal claim, a § 1983 claim asserting that Defendants denied Mark Shaver adequate medical treatment while detained, and that Defendants' motions for summary judgment should be granted as to Plaintiff's § 1983 claim. Specifically, Magistrate Baughman recommends finding that Mr. Shaver's opiate withdrawal was not an objectively serious medical condition and thus cannot be the foundation for § 1983 liability.  Alternatively, even if that condition is objectively serious,  Magistrate Baughman determined that none of the actions of any individual defendant (either medical or jail staff) constituted deliberate indifference to that condition.  If these recommendations are adopted, the Magistrate Judge noted that the Portage County defendants whose liability would be considered

under the rubric of failure to train and/or for maintaining a policy or custom that resulted in Mr. Shaver suffering the deprivation of a constitutional right, would be entitled to summary judgment as there can be no liability for any Portage defendant when there is no underlying constitutional violation. Even if this Court should find a constitutional violation is established on the basis of the deliberate indifference of individual members of the medical or corrections staff, Magistrate Judge Baughman has determined that Plaintiff's claims against the other Portage defendants based upon defective policy or custom or failure to train are insufficient as a matter of law to obtain relief.  Plaintiff has filed objections to the Report and Recommendation and Defendants have filed responses to Plaintiff's objections.

The Court has reviewed the Report and Recommendation of Magistrate Judge Baughman *de novo*.  *See Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).  The Court has also considered all of the pleadings, affidavits, motions, and filings of the parties.  After careful evaluation of the record, the Report and Recommendation, and the objections filed by Plaintiff, and the responses filed by Defendants, this Court finds the Report and Recommendation issued by Magistrate Judge Baughman to be very thorough and correct.  Specifically, the Court adopts Magistrate Judge Baughman's findings that even if Mr. Shaver's opiate withdrawal is an objectively serious medical condition sufficient to form the foundation for § 1983 liability, none of the actions of any individual defendant (either medical or jail staff) constituted deliberate indifference to that condition, thus no constitutional violation occurred. The Court also adopts Magistrate Judge Baughman's recommendation that the Portage County defendants whose liability would be considered under the rubric of failure to train and/or for maintaining a policy or custom that resulted in Mr. Shaver suffering the deprivation of a constitutional right, are

entitled to summary judgment as there can be no liability for any Portage defendant when there is no underlying constitutional violation. Accordingly, the Court hereby **GRANTS** Defendants' Motions for Summary Judgment as to Plaintiff's § 1983 claim. (ECF #177 and #178) .

The Court also adopts Magistrate Judge Baughman's recommendation that this Court should decline to accept supplemental jurisdiction over Plaintiff's remaining state law claims and that those claims be dismissed without prejudice. Accordingly, the Court hereby declines to accept Plaintiff's state law claims and those claims are **DISMISSED WITHOUT PREJUDICE.** This action is terminated.

IT IS SO ORDERED.

                                                                                                 _/s/Donald C. Nugent_
                                                                                DONALD C. NUGENT
                                                                                United States District Judge

DATED: __January 8, 2015__